**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO.  16-08827 BKT** |
| **FELIX ANTONIO ZEPEDA FUNEZ** | **Chapter  13** |
| | **Adversary No. 17-00107** |
| **Debtor(s)** | |
| **FELIX ANTONIO ZEPEDA FUNEZ** | |
| **Plaintiff** | |
| vs. | |
| **DLJ MORTGAGE CAPITAL INC; ET AL** | |
| **Defendant(s)** | **FILED & ENTERED ON 10/10/2018** |

## OPINION & ORDER

Before the court is Defendants' Select Porfolio Servicing, Inc. (hereinafter "SPS"), DLG Mortgage Capital, Inc. (hereinafter "DLJ") and Lime Residential, Ltd. (hereinafter "Lime") *Motion to Dismiss Second Amended Complaint* (collectively "Co-Defendants) [Dkt. No. 46]; Plaintiff/Debtor Felix Antonio Zepeda Funez's (hereinafter "Plaintiff" or "Debtor"), *Opposition to*

*Defendant's Motion to Dismiss* [Dkt. No. 53]; and the *Reply to Opposition to Motion to Dismiss* [Dkt. No. 56]*,* filed by Co-Defendants.

### I. FACTUAL BACKGROUND

On March 14, 2017, DLJ filed Proof of Claim No. 3 (hereinafter "POC No. 3") in the associated legal case 16-08827. Debtor filed an objection to said claim on April 21, 2017 (Dkt. No. 50 in legal case 16-08827), and on the same date filed the instant adversary proceeding thereby seeking a declaration that POC No. 3 should be disallowed in its entirety.

On August 14, 2017, POC No. 3 was transferred by DLJ to Lime. On February 23, 2018, the parties filed a joint motion whereby the appearing Defendants provided their written consent to the filing of the second amended complaint [Dkt. No. 40], pursuant to Fed. R. Civ. P. 15(a)(2), made applicable to bankruptcy cases through Federal Rule of Bankruptcy Procedure 7015.

Through the second amended complaint, Plaintiff seeks to void the lien securing POC No. 3, pursuant to 11 U.S.C. § 506(d). Plaintiff alleges that on June 28, 2012, in a prior bankruptcy proceeding commenced by Debtor and his spouse, Ercilia Fernandez Gomez (Legal Case No. 12-01737), Citimortgage, Inc. (hereinafter "Citimortgage") filed proof of claim number 4 (hereinafter "POC No. 4"), which was secured by a lien on the same property currently securing Lime's claim (POC No. 3) in the instant bankruptcy case.

On June 26, 2012, in their previous legal case 12-01737, Debtor and his spouse objected to POC No. 4, alleging that Citimortgage had failed to establish or evidence an interest in the relevant

promissory note. Citimortgage then filed an amended proof of claim number 4-2 (hereinafter "POC No. 4-2") on July 7, 2012, arguing that it was the servicing agent of the noteholder and had standing to prosecute the claim.  On June 11, 2012, Debtor and his spouse filed an objection to POC No. 4-2. In said objection, Debtor and his spouse claimed that Citimortgage had failed to evidence its standing to file the amended POC No. 4-2 on behalf of Citibank, N.A. the original noteholder. Debtor and his spouse also objected to certain charges included in POC No. 4-2. On October 5, 2012, this court entered an Order granting Debtor and his spouse's objection to POC No. 4-2 as unopposed [Legal Case 12-01737, Dkt. No. 54]

Plaintiff, in this adversary proceeding, alleges that because POC No. 4-2 in legal case 12-01737 was disallowed, this court should declare void Lime's lien on the subject property pursuant to section 506(d).

## II.  STANDARD OF REVIEW

This case requires us to revisit the plausibility threshold that a complaint must cross in order to survive a motion to dismiss. We start our analysis by laying out the appropriate standard of review for a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] It is well-established that a Rule 12(b)(6) analysis necessarily incorporates the federal pleading standard articulated in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007). See also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A court's goal in reviewing a Rule 12(b)(6) motion is to determine whether the factual allegations in the plaintiff's complaint set forth "a plausible claim upon

which relief may be granted." Woods v. Wells Fargo Bank, N.A., 733 F.3d 349, 353 (1st Cir. 2013).

The court must take all of the pleaded factual allegations in the complaint as true. Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). Barring "narrow exceptions," courts tasked with this feat usually consider only the complaint, documents attached to it, and documents expressly incorporated into it. Id. Thus, the primary purpose of a Rule 12(b)(6) motion is to weed out cases that do not warrant reaching the oftentimes laborious and expensive discovery process because, based on the factual scenario on which the case rests, the plaintiff could never win. Plaintiffs are not required to submit evidence to defeat a Rule 12(b)(6) motion, but need only sufficiently allege in their complaint a plausible claim.

### III. LEGAL ANALISIS

In the case at hand, the Co-Defendants' motion to dismiss argues the dismissal standard of Rule 12(b)(6), made applicable to bankruptcy proceedings by Fed. R .Bankr. P. 7012, by stating that the amended complaint falls short of the standards for stating a claim. In sum, Co-Defendants' first argument is that DLJ and SPS should not be parties in this adversary proceedings because Plaintiff's only cause of action is a request for declaratory judgment adjudicating the subject lien void pursuant to 11 U.S.C. § 506(d). The only necessary party defendant in such an action is Lime, the current creditor and transferee of POC No. 3. Hence, DLJ and SPS should be dismissed from this action as a threshold matter, regardless of the merits of Plaintiff's claims against Lime.

Their second argument is based on the premise that Citibank, N.A.[1] never filed a claim in the

---

[1] Citibank, N.A. was the original noteholder of the lien over Plaintiff and his spouse's property.

Plaintiff's first bankruptcy case [Legal Case 12-01737), so therefore it's lien on the subject property survived the discharge in that proceeding. Co-Defendant's go into a lengthy factual and legal argument regarding lien avoidance pursuant to 11 U.S.C. § 506(d)(2). Co-Defendant's conclude that since it is well-settled that liens pass through bankruptcy unaffected, and Citibank, N.A. never filed a proof of claim in legal case No. 12-01737, its lien survived the prior bankruptcy and Lime, as assignee/purchaser of the note and mortgage securing the subject property, has a valid secured claim in Case No. 16-08827.

In short, Co-Defendant's provide a full throttle defense against Plaintiff's allegations in the amended complaint. The Co-Defendants' arguments however are misplaced at this stage of the proceedings. In resolving a motion to dismiss the court must determine whether the factual content allows a reasonable inference that the defendant is liable for the alleged misconduct. The complaint must contain sufficient factual matter to state a plausible claim. Grajales v. Puerto Rico Ports Authority, 682 F.3d 40, 44 (1st Cir., 2012). The purpose of a motion to dismiss under Fed.R.Civ.P. 12(b)(6) is to assess the legal feasibility of a complaint, not to weigh the evidence which the plaintiff offers or intends to offer. See Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2nd Cir.1984); Citibank, N.A. v. K-H Corp., 745 F.Supp. 899, 902 (S.D.N.Y.1990).

The Plaintiff in this case has met this burden. "The prima facie standard is an evidentiary standard, not a pleading standard, and there is no need to set forth a detailed evidentiary proffer in a

complaint." <u>Rodriguez-Reyes v. Molina-Rodriguez</u>, 711 F.3d 49, 54 (1st Cir. 2013). For the reasons stated above, the Co-Defendants' Motion to Dismiss is DENIED. The court does not dismiss SPS and DLJ at this stage of the proceeding. The Co-Defendants shall file an answer to the amended complaint within twenty-one (21) days. The Clerk shall schedule an Initial Scheduling Conference.

SO ORDERED

San Juan, Puerto Rico, this 10th day of October, 2018.

Brian K. Tester
U.S. Bankruptcy Judge